## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IPNAV, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 3:25-cv-00084-K |
| CHANBOND, LLC and CBV, Inc. | |
| Defendants. | |

## DEFENDANT CBV, INC.'S BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION PURSUANT TO FED. R.
## CIV. P. 12(B)(2)AND 12(B)(6) AND ALTERNATIVE
## <u>MOTION TO TRANSFER VENUE</u>

Date: January 31, 2025

Respectfully Submitted

/s/ *Amanda L. Cottrell*
Amanda L. Cottrell (Texas Bar No. 24064972)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401
acottrell@sheppardmullin.com

***Attorneys for Defendant CBV, Inc.***

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ....................................................................................................................1

PROCEDURAL HISTORY.....................................................................................................3

FACTUAL BACKGROUND ...................................................................................................3

ARGUMENT ...........................................................................................................................6

I.      CBV IS NOT SUBJECT TO PERSONAL JURISDICTION IN TEXAS ........................6

        A.       Legal Standard – Fed. R. Civ. P. 12(b)(2) .........................................................6

        B.       The Court Does Not Have General Personal Jurisdiction Over CBV ...................8

        C.       The Court Does Not Have Specific Personal Jurisdiction Over CBV...................9

        D.       Exercise of Personal Jurisdiction Over CBV Would Offend The
Traditional Notions of Fair Play and Substantial Justice......................................11

II.     PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED PURSUANT TO FED. CIV. P. 12(B)(6)..................................................12

        A.       Legal Standard – Fed. R. Civ. P. 12(b)(6) .........................................................12

        B.       Plaintiff Has No Viable Claims Against CBV Because It Lacks Standing
to Enforce the CBV/ChanBond Settlement Agreement.........................................13

III.    THE MANDATORY FORUM SELECTION CLAUSES IN THE RELEVANT
AGREEMENTS REQUIRE THAT THIS CASE BE BROUGHT IN
DELAWARE .....................................................................................................................16

        A.       Legal Standard –  28 U.S.C. § 1404(a) ............................................................16

        B.       Plaintiff's Complaint Should be Transferred Pursuant to 28 U.S.C.
§ 1404(a) ...............................................................................................................18

CONCLUSION.......................................................................................................................20

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*Arnold v. X Corp*
  Civil Action No. 23-528-JLH-CJB, 2024 WL 4987032 (D. Delaware Dec. 5, 2024) ............14

*Ashall Homes Ltd. v. ROK Entm't Gp. Inc.*
  992 A.2d 1239 (Del. Ch. 2010)........................................................................................19

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)........................................................................................................13

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*
  571 U.S. 49 (2013)..........................................................................................................17

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007)........................................................................................................12

*Blakes v. DynCorp Int'l, L.L.C.*
  732 Fed. Appx. 346 (5th Cir. 2018).................................................................................11

*Breckenridge Enters., Inc. v. Avio Alternatives, LLC*
  No. 3:08-cv-1782, 2009 WL 1469808 (N.D. Tex. May 27, 2009)........................................11

*Burger King Corp. v. Rudzewicz*
  471 U.S. 462 (1985).......................................................................................................6, 9

*Daimler AG v. Bauman*
  571 U.S. 117 (2014).......................................................................................................2, 8

*E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*
  269 F.3d 187 (3d Cir. 2001)........................................................................................15, 16

*Guardian Constr. Co. v. Tetra Tech Richardson, Inc.*
  583 A.2d 1378 (Del. Super. 1990)...................................................................................15

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*
  85 F.3d 201 (5th Cir. 1996) ..............................................................................................7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
  466 U.S. 408 (1984).........................................................................................................7

*Johnston v. Multidata Sys. Int'l. Corp.*
  523 F.3d 602 (5th Cir. 2008) ...........................................................................................7

*JPay LLC v. Houston*
     Civil Action No. 3:23-CV-1875-S, 2024 WL 3687099 (N.D. Tex. Aug. 5, 2024) ...........16, 17

*In re Katrina Canal Breaches Litig.*
     495 F.3d 191 (5th Cir. 2007) ........................................................................................12, 13

*Klaxon v. Stentor Electric Mfg. Co.*
     313 U.S. 487 (1941)..............................................................................................................13

*Luv N' Care, Ltd. v. Insta–Mix, Inc.*
     438 F.3d 465 (5th Cir. 2006) ................................................................................................6

*M/S Bremen v. Zapata Off-Shore Co.*
     407 U.S. 1 (1972)..................................................................................................................19

*Mayo v. Hartford Life Ins. Co.*
     354 F.3d 400 (5th Cir. 2004) ...............................................................................................13

*McFadin v. Gerber*
     587 F.3d 753 (5th Cir. 2009) .........................................................................................6, 7, 9

*NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*
     922 A.2d 417 (Del. Ch. 2007)..............................................................................................15

*R2 Invs. LDC v. Phillips*
     401 F.3d 638 (5th Cir. 2005) ...............................................................................................13

*Schlobohm v. Schapiro*
     784 S.W.2d 355 (Tex. 1990).................................................................................................6

*Seiferth v. Helicopteros Atuneros, Inc.*
     472 F.3d 266 (5th Cir. 2006) ........................................................................................6, 7, 12

*Smith v. EMC Corp.*
     393 F.3d 590 (5th Cir. 2004) ..........................................................................................13, 14

*Stroman Realty, Inc. v. Wercinski*
     513 F.3d 476 (5th Cir. 2008) ................................................................................................6

*Transverse, LLC v. Info Directions, Inc.*
     No. A-13-CV-101 SS, 2013 WL 3146838 (W.D. Tex. June 17, 2013)...................................8

*Walden v. Fiore*
     571 U.S. 277 (2014)..........................................................................................................9, 11

## Statutes

28 U.S.C. § 1404(a) .....................................................................................1, 3, 16, 17, 18, 20, 21

<u>Other Authorities</u>

Federal Rule of Civil Procedure 12(b)(6) ............................................................1, 2, 12, 13, 16, 18

Federal Rule of Civil Procedure 12(b)(2) ....................................................................1, 2, 3, 6, 18

U.S. District Courts – Median Time From Filing to Disposition of Civil Cases, by Action
    Taken, United States District Courts, https://view.officeapps.live.com/op/view.aspx?s
    rc=https%3A%2F%2Fwww.uscourts.gov%2Fsites%2Fdefault%2Ffiles%2Fdata_tabl
    es%2Ffjcs_c5_0331.2024.xlsx&wdOrigin=BROWSELINK ................................................20

Defendant CBV, Inc. ("CBV" or "Defendant"), by and through its undersigned counsel, hereby submits this brief in support of its Motion to Dismiss the Original Petition (the "Complaint") filed by Plaintiff IPNav, LLC ("IPNav" or "Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), or, in the alternative, Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), and respectfully states as follows:

## <u>INTRODUCTION</u>

This case arises from and relates to an ongoing litigation in the United States District Court for the District of Delaware (*CBV, Inc. v. ChanBond, LLC, et al.*, C.A. No. 1:21-cv-01456 (D. Del. Oct 15, 2021) which is currently pending on appeal in the United States Circuit Court of Appeals for the Third Circuit. *CBV, Inc. v. ChanBond, LLC, et al.*, Docket No. 24-01780 (3d Cir. Apr 26, 2024). Plaintiff intervened in that lawsuit on March 16, 2022, tacitly acknowledging Delaware to be the proper jurisdiction to resolve contractual matters at issue among the parties and remains an active participant in that action to date.

In the ongoing Delaware litigation, IPNav and CBV each independently executed two separate settlement agreements with ChanBond, wherein each party agreed upon and executed mandatory forum selection clauses naming Delaware:

1. In November 2022, IPNav (the Plaintiff here) entered into a settlement agreement with ChanBond (the "IPNav/ChanBond Settlement Agreement"). This agreement required ChanBond to indemnify Plaintiff for certain future litigation costs.

2. In April 2023, CBV entered into a separate settlement agreement with ChanBond (the "CBV/ChanBond Settlement Agreement"). As part of this agreement, CBV agreed to hold ChanBond harmless for certain of its contractual obligations, including ChanBond's indemnification duties to other parties.

IPNav now sues CBV in Texas, attempting to use these two separate settlement agreements to claim CBV must directly, contractually indemnify IPNav, despite the fact that CBV and IPNav never contracted with each other regarding indemnification. IPNav's attempt fails for three independent reasons at the pleading stage:

First, this Court lacks personal jurisdiction over CBV. Plaintiff's Complaint against CBV should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because this Court does not have general or specific personal jurisdiction over CBV. CBV is a Pennsylvania corporation with its principal place of business in Carlisle, Pennsylvania. CBV is only "at home," and therefore subject to general personal jurisdiction, in Pennsylvania pursuant to the United States Supreme Court's holding in *Daimler AG v. Bauman*, 571 U.S. 117, 127, 139 (2014). As such, this Court does not have general personal jurisdiction over CBV. Additionally, Plaintiff cannot establish specific jurisdiction based on any contacts CBV has with the state of Texas. The Court should therefore dismiss this dispute under Rule 12(b)(2).

Second, IPNav's claims fail as a matter of law. Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff lacks standing to enforce the indemnity provisions in the CBV/ChanBond Settlement Agreement. The two contracts that Plaintiff bases its claims on are the CBV/ChanBond Settlement Agreement and the IPNav/ChanBond Settlement Agreement. CBV is not a party to the IPNav/ChanBond Settlement Agreement. IPNav is not a party to the CBV/ChanBond Settlement Agreement, nor is IPNav a third-party beneficiary to the CBV/ChanBond Settlement Agreement. As such, IPNav lacks standing to enforce any indemnity obligations in the CBV/ChanBond Settlement Agreement. The Court should therefore dismiss this dispute under Rule 12(b)(6).

Third, both Settlement Agreements contain mandatory forum-selection clauses designating the State or Federal Courts in the State of Delaware as the exclusive forum for any disputes, and these agreements relate to the ongoing matter before the Third Circuit. The contract language of these Settlement Agreements is clear: if Plaintiff wants to sue CBV pursuant to these contracts, it must do so exclusively in Delaware. Plaintiff has sued CBV in the wrong forum. If the Court denies CBV's Motions to Dismiss Pursuant to 12(b)(2) and 12(b)(6), the Court should transfer this dispute to the District of Delaware in accordance with 28 U.S.C. § 1404(a) and the mandatory forum-selection clauses in the Settlement Agreements.

## **PROCEDURAL HISTORY**

Plaintiff filed its Complaint in the District Court for the 116th Judicial District of Dallas, County, Texas, Cause No. DC-24-17295, on September 20, 2024. (ECF No. 1-3.) On December 17, 2024, CBV's counsel accepted service of the Complaint on CBV's behalf. On January 13, 2025, CBV filed its Notice of Removal, removing the case from the District Court for the 116th Judicial District of Dallas, County, Texas to this Court based upon diversity jurisdiction. (ECF No. 1.) On January 17, 2025, CBV filed a Stipulation to Extend the Time for Defendant CBV, Inc. to File Its Responsive Pleading to Plaintiff's Original Petition, extending the deadline to January 31, 2025. (ECF No. 9.)

## **FACTUAL BACKGROUND**

CBV is a Pennsylvania corporation with its principal place of business at 848B North Hanover Street, Carlisle, Pennsylvania 17013. (Compl. at Defendants ¶ 5; *Id*. at Facts ¶ 3). CBV has no other offices located in any other state, including Texas. Before April of 2015, CBV was the owner of certain U.S. Patents and U.S. Patent Applications (the "Patents") that CBV's principals Earl Hennenhoefer, Richard Snyder, and Robert Stine had invented, and which covered

DOCSIS technology for delivering high-speed data over cable systems. (Declaration of Earl Hennehoffer, Appx. at 27, ¶ 4).

ChanBond, LLC is a Delaware limited liability company with its principal place of business at 2633 McKinney Ave., Dallas, Texas 75204. (Compl. at Defendants ¶ 6). ChanBond was formed by Deirdre Leane ("Ms. Leane") as a special purpose shell company to acquire the Patents and serve as the plaintiff in certain Patent Suits. On April 9, 2015, CBV signed a Patent Purchase Agreement (the "PPA") with ChanBond. By the PPA, CBV, as Seller, and ChanBond, as Purchaser, agreed that ChanBond would purchase the Patents from CBV in order to monetize those Patents through patent litigation. In exchange, CBV retained a right to 50% of the Net Recoveries from the litigation involving the Patents. (Compl. at Facts ¶ 1). Ms. Leane later sold her original stake in ChanBond (i.e., the other 50% of the Net Recoveries) to her former colleague and partner William "Billy" Carter ("Mr. Carter") for $5 million plus shares in Mr. Carter's company—UnifiedOnline, Inc. before monetization of the Patents.

Ms. Leane also formed and wholly owns Plaintiff IPNAV, LLC. (Compl. at Plaintiff ¶ 2). Ms. Leane created a separate, secret stakeholder obligation for her company IPNAV, LLC (i.e., "IPNav" as referenced herein) in ChanBond, beyond ChanBond's 50% interest in Net Recoveries, by self-executing an Advisory Services Agreement (the "ASA") on behalf of both ChanBond and IPNav. (Compl. at Facts ¶ 2). The ASA was backdated by Ms. Leane to the PPA execution date of April 9, 2015. The ASA created for Ms. Leane a self-interested, third-party stake of 22% in ChanBond's sole financial asset: the Gross Recovery from any monetization of the Patents. CBV was not a party to the secretive ASA and there is no evidence CBV was informed as to any terms of the ASA or ever approved of the ASA payment obligation as that would have only reduced CBV's 50% stake in ChanBond's Net Recoveries.

In 2021, Ms. Leane and Plaintiff submitted a demand for the Arbitration against Unified Online, Inc., Billy Carter's company, and ChanBond for breach of contract, declaratory judgment, fraud, specific performance, and injunctive relief with regard to the ASA as between those parties to the Arbitration. AAA Case No. 01-20-0015-0793 (the "Arbitration"). CBV was not a party to the Arbitration, and CBV's entitlement to its portion of the Patent Settlement Fund was not at issue (although it was ultimately significantly, adversely affected when a resultant Arbitration Final Award was brought to the Delaware District Court). The only issue addressed in the Arbitration was payments purportedly owed to Ms. Leane and IPNAV by ChanBond under the ASA.

On October 15, 2021, CBV sued ChanBond pursuant to the terms of the PPA in the District Court for the District of Delaware to protect CBV's interests per the PPA because it was not a party to the Arbitration, in Case No. 1:21-cv-01456-GBW. (Compl. at Facts ¶ 3).

On March 7, 2022, the Arbitration Panel issued an Interim Award of Arbitration Panel finding in favor of Ms. Leane with regard to ChanBond. On May 18, 2022, a Final Award, including attorney's fees and interest, was entered. The Arbitration Panel expressly recognized the Delaware District Court's jurisdiction to decide the issue of CBV's approval rights per the terms of the PPA. The Award was "strictly limited to the enforceability of the ASA as between the parties to [the Arbitration] only."

Plaintiff and its principal officer, Ms. Leane, intervened in the Delaware lawsuit by stipulation on March 16, 2022, and were added as defendants on March 17, 2022. (*Id*.). Plaintiff and Ms. Leane reached a settlement with ChanBond on November 10, 2022, wherein ChanBond and IPNav resolved all outstanding matters between them. (*Id*.).

CBV and ChanBond then settled all claims between them, with an exception as to claims against ChanBond necessary for CBV to pursue claims against IPNav regarding recovery of funds

owed it per the PPA. As part of that settlement, CBV agreed to hold ChanBond "harmless in connection with any counts that remain" after the conclusion of that litigation, specifically to any claims Plaintiff and/or Leane might have against ChanBond. (Compl. at Facts ¶ 4)

## ARGUMENT

## I.    CBV IS NOT SUBJECT TO PERSONAL JURISDICTION IN TEXAS

### A.    Legal Standard – Fed. R. Civ. P. 12(b)(2)

Rule 12(b)(2) requires the Court to dismiss any case in which it lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over CBV. *Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-77 (1985). When a defendant challenges personal jurisdiction, as here, Plaintiff bears the burden of supporting the basis for jurisdiction against each defendant. *See McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir. 2009)*; Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 275 (5th Cir. 2006).

Two preconditions must be satisfied before this Court may assert personal jurisdiction: (1) the defendant must be amenable to service of process under Texas' long-arm statute; and (2) the assertion of jurisdiction over the defendant must comport with the Due Process Clause of the United States Constitution. *McFadin*, 587 F.3d at 759. Because Texas' long-arm statute has been held to extend to the limits of due process, only the second jurisdictional precondition must be examined. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008); *accord Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).

For personal jurisdiction to comport with due process, the plaintiff must show that: (1) the defendant purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it would reasonably anticipate being

hauled into court there; and (2) exercising jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice. *McFadin*, 587 F.3d at 759. The "minimum contacts" prong of the due process analysis can be met through contacts giving rise to either specific or general jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996).

General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic and substantial. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). "The continuous and systematic contacts test for general jurisdiction is a difficult one to meet[]." *Johnston v. Multidata Sys. Int'l. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Vague allegations "that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 610.

The Fifth Circuit has a three-part analysis for specific personal jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin*, 587 F.3d at 759 (quoting *Seiferth*, 472 F.3d at 271).

Plaintiff has failed to plead facts sufficient to support the exercise of either general or specific jurisdiction over CBV. Accordingly, it is appropriate for this Court to dismiss this action against CBV.

B.     <u>The Court Does Not Have General Personal Jurisdiction Over CBV</u>

Plaintiff fails to meet its burden to allege a factual basis for the exercise of general personal jurisdiction over CBV in this Court.  In the case of a corporation like CBV, the test for general jurisdiction is whether a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 127, 139 (citations omitted).  The Supreme Court in *Daimler* explained that in all but the most exceptional circumstances, a corporation is "at home" only in its "place of incorporation and principal place of business." *Id.* at 137-138 & n.19.  General jurisdiction is available over out-of-state defendants only on "a limited set of affiliations with the forum," none of which apply here. *Daimler,* 571 U.S. at 137.  The Fifth Circuit has made clear just how difficult it is to establish general jurisdiction. *See, e.g., Transverse, LLC v. Info Directions, Inc.*, No. A-13-CV-101 SS, 2013 WL 3146838, at *4 n.4 (W.D. Tex. June 17, 2013) (providing examples where routine or regular contacts with the state were insufficient to support general jurisdiction).

Here, Plaintiff cannot establish general jurisdiction over CBV.  The Complaint offers no indication as to the existence, duration, or frequency of CBV's contacts to support jurisdiction. Plaintiff acknowledges that CBV is a Pennsylvania corporation with its principal place of business in Carlisle, Pennsylvania. (Compl. at ¶ 5.)  Therefore, CBV is "at home," and subject to general jurisdiction, only in Pennsylvania under the Supreme Court's decision in *Daimler*.  Additionally, CBV's books and records are kept in Pennsylvania. (Hennenhoefer Decl., Appx. at 27, ¶ 5.)  It does not have any offices, plants, facilities, personnel, post office boxes, mailing addresses, or telephone listings in the State of Texas. (*Id*., Appx. at 28, at ¶ 6.)  It does not have any bank accounts in the State of Texas. (*Id*., at ¶ 7.)  It does not have any officers, directors, or employees in the State of Texas. (*Id*. at ¶ 8.)  It does not own or lease any real property in the State of Texas.

(*Id*. at ¶ 9.)  It does derive any earnings from/in the State of Texas and does not pay taxes to the State of Texas. (*Id*. at ¶ 10.)  Thus, CBV does not have continuous and systematic contacts with Texas and this Court's exercise of general jurisdiction over CBV is improper.

### C.    The Court Does Not Have Specific Personal Jurisdiction Over CBV

Likewise, Plaintiff fails to allege any basis for the exercise of specific jurisdiction over CBV.  To establish personal jurisdiction over an individual defendant, Plaintiff must establish specific jurisdiction as to *each claim* that is asserted. *McFadin*, 587 F.3d at 759; *see also Walden v. Fiore*, 571 U.S. 277, 277 (2014) (noting, for specific jurisdiction to attach, that "the defendant's *suit-related* conduct must create a substantial connection with the forum State"—and "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State.")(first emphasis added; quoting *Burger King*, 471 U.S. at 475).  Thus, only the defendant's contacts with the forum that are related to a plaintiff's causes of action are relevant to the analysis. *See Burger King*, 471 U.S. at 472.  Plaintiffs cannot satisfy this test.

Plaintiff's allegations rest on two contracts: the IPNav/ChanBond Settlement Agreement and the CBV/ChanBond Settlement Agreement discussed *supra*.  CBV is not party to the IPNav/ChanBond Settlement Agreement. (*See* Exhibit A, Appx. at 2).  Plaintiff is not a party to the CBV/ChanBond Settlement Agreement. (*See* Exhibit B, Appx. at 17). However, through these contracts, Plaintiff seeks indemnification by CBV "to recover all expenses, costs, and other fees due to Plaintiff as a result of litigation that has occurred after the settlement between Plaintiff and ChanBond, LLC." (Compl. at ¶ 7).

Plaintiff makes three unsubstantiated jurisdictional allegations: (1) that "CBV, Inc. is authorized to do business in Texas," (2) that the "Court has jurisdiction over CBV under Section 17.042(1), Texas Civil Practice and Remedies Code, because said Defendant contracted with a

Texas resident and either party is to perform the contract in whole or in part in this State," and (3) that "CBV is subject to suit in the State of Texas because at the time CBV entered into its settlement with ChanBond it was aware of ChanBond's indemnification agreement with IPNAV and Leane, and agreed to be bound thereby, bringing this case within the ambit of Tex. Civ. Prac. & Rem Code § 17.042." (Compl. at 1-3).

Plaintiff has not established specific personal jurisdiction based on these allegations. CBV did *not* contract with Plaintiff with respect to either the IPNav/ChanBond Settlement Agreement nor the CBV/ChanBond Settlement Agreement. (*See generally*, Ex. A, Appx. at 2 and Ex. B., Appx. at 17).   The IPNAV/ChanBond Settlement Agreement (Ex. A) was expressly to settle an action then-pending in the Superior Court of Guilford County, *North Carolina* and resolve issues with the confirmation of the *Delaware* arbitration award.   That settlement agreement is governed by *Delaware* law and includes a *Delaware* forum selection clause.   (Appx. at 8, ¶ 11).   The CBV/ChanBond Settlement Agreement (Ex. B) relates to a specific action in the settlement and dismissal of specific claims then-pending in the federal courts of Delaware and governed by Delaware law.   IPNav was neither a "ChanBond Released Party" nor an intended third-party beneficiary of the CBV/ChanBond Settlement Agreement.   *At no point in time* did CBV ever "agree[] to be bound" by ChanBond's indemnification obligations to Plaintiff, as Plaintiff incorrectly alleges in the Complaint. (*See* Compl., Facts, ¶ 5)   As such, neither of the two settlement agreements can serve as a contractual basis for specific personal jurisdiction.

Additionally, the fact that CBV has contracted with ChanBond, a Delaware LLC with its principal place of business in Texas, does not establish sufficient minimum contacts and is irrelevant to the specific personal jurisdiction analysis as to IPNav's claims against CBV.   Indeed, the "minimum contacts" analysis "looks to the defendant's contacts with the forum State itself, not

the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. The Fifth Circuit has consistently held that "merely contracting with a resident of [a] forum state does not create minimum contracts sufficient to establish personal jurisdiction over a nonresident defendant." *Blakes v. DynCorp Int'l, L.L.C.*, 732 Fed. Appx. 346, 347 (5th Cir. 2018) (internal quotations omitted). "This is particularly true when an out-of-state defendant has no physical presence in the forum, conducts no business there, and the contract at issue was not signed in the state and did not call for performance in the state." *Id.* (internal quotations omitted).

Contrary to Plaintiff's assertions, the CBV/ChanBond Settlement Agreement does not contemplate any action take place in Texas particularly given its Delaware forum selection clause. CBV has never directed any actions towards Texas as a forum. Specific jurisdiction may not be based on the mere fortuity of Plaintiff's Texas residency. Accordingly, the Court's exercise of specific personal jurisdiction is also improper.

### D. Exercise of Personal Jurisdiction Over CBV Would Offend The Traditional Notions of Fair Play and Substantial Justice.

Where, as here, Plaintiff has not made a *prima facie* showing of minimum contacts or an alternative basis for jurisdiction, this Court need not consider whether the assertion of jurisdiction over CBV comports with the principles of fair play and substantial justice. *See Breckenridge Enters., Inc. v. Avio Alternatives, LLC*, No. 3:08-cv-1782, 2009 WL 1469808, at *7 (N.D. Tex. May 27, 2009).

Even assuming that CBV has the necessary minimum contacts with Texas, subjecting CBV to the jurisdiction of this Court would be unfair and unjust. In determining whether the exercise of jurisdiction is fair and reasonable, the Court must balance "(1) the burden on the non-resident defendant of having to defend itself in Texas; (2) the interests of the forum state; (3) the interest of the plaintiff in securing convenient and effective relief; (4) the interest of the judicial system in

obtaining the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies." *Seiferth*, 472 F.3d at 276.

CBV is a Pennsylvania Corporation with a principal place of business in Pennsylvania. It would be burdensome for CBV, and its employees, to litigate this action in Texas because it has no significant purposeful contacts with the State of Texas. Moreover, the State of Texas has very little interest in asserting jurisdiction over CBV and adjudicating this dispute as to CBV, given the attenuated connection between the forum, CBV, and Plaintiff. It would be unfair to force CBV to defend itself in Texas when Plaintiff's claims against it have only a tangential connection to Texas, and CBV has no meaningful contacts with the State.

Fundamentally, Plaintiff's attempt to bring CBV into a Texas court based on the two Settlement Agreements between CBV and ChanBond and between IPNav and ChanBond fails traditional notions of fair play and constitutional due process. Absent factual allegations of specific acts by CBV in Texas, or reasonably foreseeable consequences within the State's borders, there is no basis for the exercise of personal jurisdiction over CBV and the lawsuit should be dismissed as to CBV.

## II.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6)

### A.    <u>Legal Standard – Fed. R. Civ. P. 12(b)(6)</u>

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff has an "obligation to provide the grounds of his entitlement to relief, [which] requires more than labels or conclusions." *Twombly*, 550 U.S. at 555. Although the Court must accept all factual allegations of the complaint as true for purposes of the motion, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Id*. "[A] court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). Thus, "[w]hen the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Additionally, the court may refer to contracts attached to a motion to dismiss when "the contracts were referred to in the complaints[] and the contracts are central to the plaintiffs' claims." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205. Here, the Court may properly consider the two aforementioned Settlement Agreement contracts (Exhibits A and B) in determining the 12(b)(6) motion because they are central to Plaintiff's claims and were referred to in the Complaint.

###    B.    Plaintiff Has No Viable Claims Against CBV Because It Lacks Standing to Enforce the CBV/ChanBond Settlement Agreement

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it lacks standing to enforce the CBV/ChanBond Settlement Agreement. Plaintiff indicates that it is seeking specific performance of the indemnification provision in the CBV/ChanBond Settlement Agreement or damages resulting from CBV's purported failure to satisfy its contractual obligations to ChanBond. Compl. ¶ 7-8. However, Plaintiff cannot enforce the indemnity provision under Delaware law. As such, its Complaint should be dismissed.

In diversity jurisdiction cases, courts must apply the choice of law rules of the forum state, in this case, Texas. *See Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). Texas courts generally enforce contractual choice of law provisions in contract disputes. *Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004). Where parties have contractually agreed to a choice-of-law provision, Texas

choice-of-law rules favor enforcement of these provisions, unless the provision "violates a fundamental public policy of Texas." *Id.*

Here, both the IPNav/ChanBond Settlement Agreement and the CBV/ChanBond Settlement Agreement contain Delaware choice-of-law provisions. (Appx. at 8, ¶ 11) ("This Agreement will in all respects be governed by the laws of the State of Delaware."); (Appx. at 20, ¶ 6) ("All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties hereto shall be governed by the substantive laws of the State of Delaware . . . "). The PPA contract between IPNav and ChanBond, which this case arises out of and relates to, also contains a Delaware forum selection and choice of law clause that reads:

> This Agreement, its performance and interpretation shall be governed by the substantive laws of the State of Delaware, USA, exclusive of its choice of law rules. The competent courts and tribunals situated in Wilmington, State of Delaware, USA shall have sole and exclusive jurisdiction in any dispute or controversy arising out of or relating to this Agreement.

Therefore, Delaware law applies to this dispute given the mandatory and binding choice of law and forum selection provisions in the relevant contracts.

Under Delaware law, Plaintiff lacks standing to sue pursuant to the CBV/ChanBond Settlement Agreement. Delaware law is clear "that only parties to a contract and intended third-party beneficiaries have standing to sue for breach of contract." *Arnold v. X Corp,* Civil Action No. 23-528-JLH-CJB, 2024 WL 4987032, *6 (D. Delaware Dec. 5, 2024). Moreover, "as a general rule, only parties to a contract and intended third-party beneficiaries may enforce an agreement's provisions. Mere incidental beneficiaries have no legally enforceable rights under a contract. A third-party beneficiary is an incidental beneficiary unless the parties to the contract intended to

confer a benefit upon it." *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 434 (Del. Ch. 2007) (internal citations omitted).

In order "to qualify as a third party beneficiary of a contract, (a) the contracting parties must have intended that the third party beneficiary benefit from the contract, (b) the benefit must have been intended as a gift or in satisfaction of a pre-existing obligation to that person, and (c) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract." *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 196 (3d Cir. 2001) (citing *Guardian Constr. Co. v. Tetra Tech Richardson, Inc.,* 583 A.2d 1378, 1386 (Del. Super. 1990) ("In order for third-party beneficiary rights to be created, not only is it necessary that performance of the contract confer a benefit upon a third person that was intended, but the conferring of the beneficial effect on such third-party, whether it be creditor or donee, should be a material part of the contract's purpose."))). "Thus, if it was not the promisee's intention to confer direct benefits upon a third party, but rather such third party happens to benefit from the performance of the promise either coincidentally or indirectly, then the third party will have no enforceable rights under the contract." *Id*.

CBV has entered two contracts with Plaintiff—(i) an April 9, 2015 Mutual Nondisclosure Agreement by and between CBV, ChanBond, and IPNav and (ii) an April 9, 2015 Common Interest Agreement by and between CBV, ChanBond, and IPNav— neither of which are relevant to or at issue in this dispute. The two contracts which *are* at issue in this dispute are (i) the aforementioned CBV/ChanBond Settlement Agreement and (ii) the aforementioned IPNav/ChanBond Settlement Agreement.

It appears that Plaintiff is attempting to improperly use the transitive property to obtain relief from CBV in this case. That property is inapposite to the circumstances at hand. CBV is not

party to the IPNav/ChanBond Settlement Agreement. (*See generally*, Exhibit A). Plaintiff IPNav is not a party to the CBV/ChanBond Settlement Agreement (*see generally*, Exhibit B), nor is Plaintiff an intended third-party beneficiary to the ChanBond/CBV Settlement Agreement.  To the contrary, the ChanBond/CBV Settlement Agreement expressly contemplates that CBV would continue to pursue its lawsuits against Plaintiff in the United States District Court for the District of Delaware. (*See* Appx. at 19, ¶ 4.2).  ChanBond and CBV therefore did not intend or contemplate that IPNav would benefit from the ChanBond/CBV Settlement Agreement, that the ChanBond/CBV Settlement Agreement was intended as a gift or in satisfaction of a pre-existing obligation to IPNav, or that a benefit to IPNav was a material part of CBV and ChanBond's purpose in entering into the ChanBond/CBV Settlement Agreement.

Because Plaintiff is neither a party, nor an intended third-party beneficiary, to the CBV/ChanBond Settlement Agreement, Plaintiff lacks standing to sue pursuant to that contract and has no enforceable rights against CBV under that contract. *See E.I. DuPont de Nemours & Co.,* 269 F.3d at 196.  Likewise, because CBV is neither a party to, nor an intended third-party beneficiary to, the IPNav/ChanBond Settlement Agreement, CBV has no rights or obligations thereunder nor does Plaintiff have any claim against CBV under that contract.

As such, the Court should dismiss Plaintiff's Complaint for failure to state a claim pursuant to 12(b)(6).

## III.    THE MANDATORY FORUM SELECTION CLAUSES IN THE RELEVANT AGREEMENTS REQUIRE THAT THIS CASE BE BROUGHT IN DELAWARE

### A.    Legal Standard – 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), a court may transfer venue to any district where the suit might have been brought.  *JPay LLC v. Houston*, Civil Action No. 3:23-CV-1875-S, 2024 WL 3687099, at * 4 (N.D. Tex. Aug. 5, 2024).  A forum-selection clause is properly enforced through a motion

for transfer of venue pursuant to § 1404(a).  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 571 U.S. 49, 59 (2013).  When presented with a motion to transfer venue based on a forum-selection clause, the Court must first determine (1) if the forum-selection clause is part of a valid contract, (2) whether the dispute falls within the scope of the contract, (3) if the clause is mandatory or permissive, and (4) if the clause itself is enforceable.  *Houston*, 2024 WL 3687099, at *5.

After determining that the forum-selection clause satisfies these requirements, the Court undertakes a modified § 1404(a) analysis.  *See Atl. Marine*, 571 U.S. at 63-64.  "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. This means that "(1) the plaintiff's choice of forum merits no weight; (2) the reviewing court disregards arguments about the parties' private interests and 'must deem the private-interest factors to weigh entirely in favor of the preselected forum'; and (3) any transfer of venue does not carry with it the original venue's choice-of-law rules." *Houston*, 2024 WL 3687099, at *4 (citing *Atl. Marine*, 571 U.S. at 63-64).  Instead, a court only examines public-interest factors, which "will rarely defeat a transfer motion." *Atl. Marine*, 571 U.S. at 64. As such, "the practical result is that forum-selection clauses should control except in unusual cases."  *Id.* These public-interest factors that the Court examines are as follows:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws.

*Houston*, 2024 WL 3687099, *5

**B.**    **Plaintiff's Complaint Should be Transferred Pursuant to 28 U.S.C. § 1404(a)**

If the Court does not grant either of CBV's 12(b)(2) or 12(b)(6) Motions to Dismiss, CBV alternatively requests that this action be transferred to the District of Delaware pursuant to the mandatory forum-selection clauses expressly agreed upon by the parties in the two relevant Settlement Agreements.

The CBV/ChanBond Settlement Agreement and the IPNav/ChanBond Settlement Agreement each derive from the ongoing, underlying lawsuit in Delaware, and each contains a mandatory forum-selection clause designating the State or Federal Courts in the State of Delaware as the exclusive forum for disputes. The CBV/ChanBond Settlement Agreement reads, in relevant part:

> [A]ny complaint or lawsuit seeking adjudication or redress [with respect to the construction of this Agreement and the rights and liabilities of the Parties hereto] shall be brought in the United States District Court for the District of Delaware.

(Appx.at 20, ¶ 6). The IPNav/ChanBond Settlement Agreement reads, in relevant part:

> The Parties agree that all disputes, claims, actions or proceedings arising out of or related to this Agreement or with respect to the enforcement of this Agreement will be litigated exclusively in the United States District Court for the District of Delaware or the state courts located in the District of Delaware, and the Parties expressly consent and submit to jurisdiction and venue in such courts with respect to the enforcement of this Agreement or to disputes, claims, actions or proceedings arising out of or related to this Agreement.

(Appx. at 8, ¶ 11).

Plaintiff's causes of action in this case serve as an admission that the Settlement Agreements are valid. *See* Compl. ¶¶ 1-8. By seeking specific performance of the Settlement Agreements or damages pursuant to these contracts, Plaintiff alleges that its causes of action fall within the scope of these contracts. Moreover, the clauses make the Delaware forum mandatory

under Delaware law, as these contracts state that disputes relating to the agreement "shall be brought in the United States District Court for the District Delaware" or "will be litigated exclusively in the United States District Court for the District of Delaware or the state courts locates in the District of Delaware." *See Ashall Homes Ltd. v. ROK Entm't Gp. Inc.,* 992 A.2d 1239, 1245 (Del. Ch.2010) ("The courts of Delaware defer to forum selection clauses and routinely give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation . . . where the parties use express language clearly indicating that the forum selection clause excludes all other courts before which those parties could otherwise properly bring an action.") (internal quotations omitted).

Forum-selection "clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).To prove that enforcement is unreasonable, the resisting party must make a "strong showing" either that: (1) the forum selected is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court;" or (2) the forum selection clause was obtained through "fraud or overreaching." *Id.* at 15, 18.

Plaintiff agreed to the Delaware forum selection and therefore cannot demonstrate that (1) the forum selected is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court;" or (2) the forum selection clause was obtained through "fraud or overreaching." *Zapata,* 407 U.S. at 15, 18. Plaintiff has not alleged that the forum-selection clause was obtained through fraud or overreaching. Plaintiff cannot claim that Delaware is a "gravely difficult and inconvenient" forum. Plaintiff agreed to Delaware as the exclusive forum for disputes in the IPNav/ChanBond Settlement Agreement. Plaintiff remains engaged in the underlying contractual dispute against CBV and ChanBond in the United States District Court for the District

of Delaware.  That litigation is currently on appeal to the United States Circuit Court of Appeals for the Third Circuit. *See generally, CBV, Inc. v. ChanBond LLC, et al.*, Case No. 24-01780 (3d Cir. Apr 26, 2024).  As such, the forum-selection clause is valid, and transfer to the District of Delaware is fair and proper.

Public interest factors strongly support transfer to the District of Delaware.  The median time for a civil case disposition is a neutral factor because the Northern District of Texas is about 6.1 months, while the District of Delaware is similar at about 8.1 months.  *See* U.S. District Courts – Median Time From Filing to Disposition of Civil Cases, by Action Taken, United States District Courts, https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fwww.uscourts.gov%2Fsites%2Fdefault%2Ffiles%2Fdata_tables%2Ffjcs_c5_0331.2024.xlsx&wdOrigin=BROWSELINK. All remaining factors strongly favor transfer.  The actions that allegedly give rise to IPNav's claim for indemnification relate to the ongoing litigation in the District of Delaware, such that the local interest factor weighs heavily in favor of transfer.  *See* Compl. ¶¶ 3, 7. Both Settlement Agreements are governed by the law of Delaware, which the District of Delaware regularly applies, such that  this public-interest factor weighs heavily in favor of transfer.  Finally, transfer presents no conflict of laws issues.  As such, the public-interest factors weigh strongly in favor of transfer.

Therefore, if the Court denies CBV's Motions to Dismiss, the Court should transfer this action to the District of Delaware pursuant to 28 U.S.C. § 1404(a) and the mandatory forum-selection clauses agreed upon by the parties.

## CONCLUSION

Defendant CBV, Inc. respectfully requests that the Court grant this Motion, dismiss all claims against it.  In the alternative, CBV requests that this Court transfer this action to the District

of Delaware pursuant to 28 U.S.C. § 1404(a).  CBV requests such other and further relief as the Court finds appropriate.

Date: January 31, 2025                          Respectfully Submitted

/s/ *Amanda L. Cottrell*
Amanda L. Cottrell (Texas Bar No. 24064972)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401
acottrell@sheppardmullin.com

and

Geoffrey G. Grivner*
BUCHANAN INGERSOLL & ROONEY, P.C.
500 Delaware Avenue, Suite 720
Wilmington, Delaware 19801
Tel. (302) 552-4207
Fax (302) 552-4295
geoffrey.grivner@bipc.com

Patrick C. Keane*
BUCHANAN INGERSOLL & ROONEY, P.C.
1737 King Street, Suite 500
Alexandria, Virginia 22314-2727
Tel. (703) 838-6522
Fax (703) 836-2021
patrick.keane@bipc.com

**Pro hac vice* application to be filed*

***Attorneys for Defendant CBV, Inc.***